## Eulala McCormick et al., Appellees, v. J. H. Decker et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Eulala McCormick and others, minors, by their next friend, plaintiffs, against J. H. Decker and others, defendants, to recover damages for injury to plaintiffs' means of support under the Dramshop Act, sec. 9 (J. & A. ¶ 4609). From a judgment for plaintiffs for $1,000, defendants appeal.

CHAFEE, CHEW & BAKER, W. H. NELMS and F. P. DRENNAN, for appellants.

F. M. GUINN and WHITAKER, WARD & PUGH, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. INTOXICATING LIQUORS, § 172*—*when seller liable under Dramshop Act for damages for sale of.* It is not necessary that the intoxicating liquor should be sold in a licensed saloon to render

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the seller of intoxicating liquor liable for damages under the Dramshop Act, sec. 9 (J. & A. ¶ 4609).

2. INTOXICATING LIQUORS, § 172*—*when seller of liable for damages for sale of.* The Dramshop Act, sec. 9 (J. & A. ¶ 4609), makes every seller of intoxicating liquor liable for damages sustained to means of support in consequence of intoxication caused by such liquor, whether such sale was lawful or unlawful.

3. INTOXICATING LIQUORS, § 233*—*when question whether means of support of children is suitable to their condition in life is immaterial.* In an action for damages under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), brought by children against the seller of intoxicating liquors to their father, if the income of the father or his property that would have been applied to the support of his children was reduced and used in the purchase of intoxicating liquors which caused his intoxication, and injury to their means of support was thereby sustained, the question whether their means of support was suitable to their condition in life is immaterial.

4. INTOXICATING LIQUORS, § 208*—*when statements of account showing sales of liquor are admissible in evidence.* In an action to recover damages for injury to means of support under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), statements of account showing sales of liquor to plaintiffs' father rendered subsequent to the time the defendant was alleged to have begun selling liquor to him, *held* properly admitted in evidence.

5. INSTRUCTIONS, § 38*—*when proper in language of statute.* An instruction repeating verbatim the language of the statute on which a civil action is based is not erroneous.

6. INSTRUCTIONS, § 159*—*consideration as series.* Instructions are read as a series.

7. INTOXICATING LIQUORS, § 168*—*how Dramshop Act construed.* The words "for all damages sustained" used in the Dramshop Act, sec. 9 (J. & A. ¶ 4609), must be construed with the prior words injured in their "means of support."

8. INSTRUCTIONS, § 137*—*when properly refused.* Instructions calling attention to particular portions of the evidence, and which are misleading and argumentative, and the material legal propositions in which are contained in others given, *held* properly refused.

*See **Illinois Notes Digest, Vols. XI to XV**, and **Cumulative Quarterly**, same topic and section number.